IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA CROUCH, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00634 |
| | § | |
| NATIONWIDE GENERAL | § | |
| INSURANCE COMPANY, | § | |
| *Defendant.* | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant, Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Pamela Crouch v. Nationwide General Insurance Company*; Cause No. 17-01-01071, in the 410th Judicial District of Montgomery County, Texas.

### I.
### BACKGROUND

1. Plaintiff Pamela Crouch (hereinafter "Plaintiff") initiated the present action by filing her Original Petition in Cause No. 17-01-01071, in the 410th Judicial District of Montgomery County, Texas on January 25, 2017 (the "State Court Action"). *See* Plaintiff's Original Petition and incorporated service documents, attached as **Exhibit A**.

2. Defendant appeared and answered on February 6, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) and Local Rule 81, a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. In

accordance with Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorneys of record, and to the clerk of the 410th Judicial District of Montgomery County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

7. Plaintiff is domiciled in Montgomery County, Texas.  *See* **Exhibit A**, Plaintiff's Original Petition, ¶ 2.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

10.     In her Original Petition, Plaintiff asserts that she seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorneys' fees, and that the amount in controversy does not exceed $75,000. *See* **Exhibit A**, ¶ 58 (emphasis added). This statement was given to comply with Texas Rule of Civil Procedure 47 and for the purpose of avoiding removal to the Federal Court. However, Plaintiff has pled in her petition $26,692.95 in total damages. Plaintiff has also alleged that Defendant's conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541, or an additional $53,385.90, totaling an amount in controversy for the contract and insurance code claims alone of $80,477.76. *See* **Exhibit A,** ¶ 52; Tex. Ins. Code sections 541.002 & 541.152.    In addition, Plaintiff also seeks prejudgment and post-judgment interest "at the highest legal rate", 18% penalty interest, and attorney's fees. *See* **Exhibit A, ¶¶** 50-58. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1] Thus the amount in controversy based on the allegation contained within Plaintiff's Original Petition plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.

11.     Additionally, on October 28, 2016, Plaintiff's counsel faxed a demand letter to Defendant demanding payment of $89,196.18. *See* **Exhibit C.** Plaintiff's petition along with Plaintiff's demand letter demonstrates by a preponderance of the evidence that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

# III.
# CONCLUSION

12. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

        Respectfully submitted,

        */s/ Patrick M. Kemp*
        Patrick M. Kemp
        Texas Bar No. 24043751
        Southern District Bar No. 38513
        pkemp@smsm.com
        Segal McCambridge Singer and Mahoney
        100 Congress Avenue, Suite 800
        Austin, Texas 78701
        (512) 476-7834
        (512) 476-7832 – Facsimile

        **ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 28th day of February, 2017.

Chad T. Wilson                                                ***9414 7266 9904 2061 9248 25***
Stephen Mengis
Chad T. Wilson Law Firm PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com
eservice@cwilsonlaw.com

                                                    */s/ Patrick M. Kemp*
                                                    Patrick M. Kemp