

**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 16171434**
**Date Processed: 01/30/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |

| | |
|---|---|
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number 3286564 |
| **Entity Served:** | Nationwide General Insurance COmpany |
| **Title of Action:** | Pamela Crouch vs. Nationwide General Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, Texas |
| **Case/Reference No:** | 17-01-01071 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/30/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson Law Firm PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**DEFENDANT'S
EXHIBIT A**

# CITATION

Cause Number: 17-01-01071

Clerk of the Court                          Attorney Requesting Service
Barbara Gladden Adamick                     Chad T. Wilson
P.O. Box 2985                               1322 Space Park Dr., Suite A155
Conroe, Texas 77305                         Houston TX  77058

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney does not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  Nationwide General Insurance Company
     Registered Agent Corporation Service Company
     211 East 7th Street Suite 620
     Austin TX  78701

You are hereby commanded to appear by filing a written answer to the
Plaintiff's Original Petition, Jury Demand and Request for Disclosure at
or before 10:00 A.M. of the Monday next after the expiration of twenty
days after the date of service of this citation before the Honorable 410th
Judicial District Court Montgomery County, Texas at the Courthouse of said
County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand and Request for Disclosure
was filed in said court on this the 25th day of January, 2017 numbered 17-
01-01071 on the docket of said court, and styled, Pamela Crouch VS
Nationwide General Insurance Company

The nature of plaintiff's demand is fully shown by a true and correct copy
of Plaintiff's Original Petition, Jury Demand and Request for Disclosure
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the
law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on
this the 26th day of January, 2017.

                              Barbara Gladden Adamick, District Clerk
                                        Montgomery County, Texas

        (SEAL)

                              By: _____
                                   Catherine Gant, Deputy

# OFFICER'S RETURN

Cause No. 17-01-01071                    Court No: 410th Judicial District Court
Style: Pamela Crouch VS. Nationwide General Insurance Company
To:        Nationwide General Insurance Company
Address:   Registered Agent Corporation Service Company
           211 East 7th Street Suite 620
           Austin TX 78701

Came to hand the _____ day of _____, 20___, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, Jury Demand and Request for Disclosure,
at the following times and places, to wit:
Name           Date/Time        Place, Course and distance from Courthouse
_____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being: _____
_____
And the cause of failure to execute this process is: _____
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy      $_____
TOTAL                          $_____

                                                            OFFICER
                                                   County, Texas
                                          By: _____, Deputy
                            AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107, the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is _____ .
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____ County, State of _____ on the ____ day of
_____, 20____.

                                          _____
                                          Declarant/Authorized Process Server

                                          _____
                                          ID# & Exp. Of Certification

Received and E-Filed for Record
1/25/2017 9:53:55 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-01-01071

| | | |
|---|---|---|
| **PAMELA CROUCH,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | Montgomery County - 410th Judicial District Court |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| **NATIONWIDE GENERAL INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant,** | § | _____ **DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Pamela Crouch, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide General Insurance Company ("Nationwide" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Pamela Crouch, resides in Montgomery County, Texas.

3.  Defendant, Nationwide General Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Nationwide General Insurance Company through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

## JURISDICTION

4.    The Court has jurisdiction over Nationwide because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiff owns a Nationwide General Insurance Company homeowner's insurance policy, number 7842HO622725 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 1431 Apple Orchard Trail, Conroe, Texas 77301 ("the Property").

8.    Nationwide or its agent sold the Policy, insuring the Property, to Plaintiff.  Nationwide or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Nationwide has refused the full extent of that coverage currently owed to Plaintiff.

9.    On or about May 9, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Montgomery County, Texas area.

2

10.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Nationwide against the Policy for damage to the Property. Nationwide assigned claim number 217515-GD to Plaintiff's claim.

11.   Plaintiff asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

12.   Nationwide hired or assigned its agent adjuster to inspect and adjust the claim. The agent conducted an inspection on or about June 17, 2016. The agent claimed that no hail or wind related damage was present at the time of inspection and based on the findings Nationwide denied Plaintiff's claim leaving her without necessary recovery to make repairs to her home.

13.   Nationwide, through its agent, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

14.   Nationwide has ultimately refused full coverage which includes, but is not limited to the replacement of the roof and additional exterior damages that were not reported in their adjuster's estimate. The third-party inspector hired to review the Claim uncovered extensive damage to Plaintiff's roof and its fixtures. Among the damaged items included the entire 34 square of Plaintiff's roof shingles, asphalt starter, valley metal, drip edge, flashing, furnace vent, exhaust vent, sheathing, and chimney flashing.

15.   The damage to Plaintiff's Property is currently estimated at $26,825.92.

3

16. As stated above, Nationwide improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Nationwide misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

17. Since due demand was made on October 28, 2016, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

18. As a result of Nationwide's failure to provide full coverage, along with Nationwide's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

19. Nationwide failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Nationwide refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

20. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Nationwide and Plaintiff.

21. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

4

22. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Nationwide, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for her claim.

26. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY

### BREACH OF CONTRACT

27. Nationwide is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiff.

28. Nationwide's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

29. Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

30. Nationwide's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

31. Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

6

32.   Nationwide's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

33.   Nationwide's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

34.   Nationwide's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

35.   Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

36.   Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

37.   Nationwide's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

38.    Nationwide's conduct constitutes a breach of the common law duty of good faith and fair
       dealing owed to an insured in insurance contracts.

39.    Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiff's
       claim, although, at that time, Nationwide knew or should have known by the exercise of
       reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of
       good faith and fair dealing.

## DTPA VIOLATIONS

40.    Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade
       Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer
       of goods and services provided by Nationwide pursuant to the DTPA.  Plaintiff has met all
       conditions precedent to bringing this cause of action against Nationwide.  Specifically,
       Nationwide's violations of the DTPA include, without limitation, the following matters:

       A.    By its acts, omissions, failures, and conduct, Nationwide has violated sections
             17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Nationwide's violations
             include without limitation, (1) unreasonable delays in the investigation, adjustment,
             and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the
             doubt, and (3) failure to pay for the proper repair of Plaintiff's property when
             liability has become reasonably clear, which gives Plaintiff the right to recover
             under section 17.46(b)(2).

       B.    Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting and
             investigative services had characteristics or benefits that they did not possess,
             which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

8

C.      Nationwide also represented to Plaintiff that the Policy and Nationwide's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Furthermore, Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.      Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.      Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

41.    Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

9

## FRAUD

42.   Nationwide is liable to Plaintiff for common law fraud.

43.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Nationwide knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

44.   Nationwide made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## KNOWLEDGE

45.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

46.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

47.   Since the claim was made, Nationwide has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

48.     Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

49.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

50.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, consequential damages, together with attorney's fees.

51.     The damage on Plaintiff's Property is estimated at $26,825.92.

52.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

53.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

11

54.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Nationwide owed, and exemplary damages.

55.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

56.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

57.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

12

58.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

        that the damages sought are in an amount within the jurisdictional limits of this Court. As

        required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that

        Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind,

        penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from

        Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and

        the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-

        judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

59.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose,

        within fifty (50) days from the date this request is served, the information or material described

        in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

60.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

        jury consisting of citizens residing in Montgomery County, Texas. Plaintiff hereby tenders

        the appropriate jury fee.

## PRAYER

        Plaintiff prays that Defendant, Nationwide General Insurance Company, be cited and

served to appear, and that upon trial hereof, Plaintiff, Pamela Crouch, have and recover from

Defendant, Nationwide General Insurance Company, such sums as would reasonably and justly

compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential,

and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and

all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests

13

the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Pamela Crouch, may show herself justly entitled.

                  Respectfully submitted,

             CHAD T. WILSON LAW FIRM PLLC

                By: */s/ Chad T. Wilson*

                Chad T. Wilson
                Bar No. 24079587
                Stephen Mengis
                Bar No. 24094842
                1322 Space Park Drive, Suite A155
                Houston, Texas 77058
                Telephone: (832) 415-1432
                Facsimile: (281) 940-2137
                eService to:
                eservice@cwilsonlaw.com
                cwilson@cwilsonlaw.com
                smengis@cwilsonlaw.com

                ATTORNEYS FOR PLAINTIFF

14



USPS CERTIFIED MAIL™

Montgomery County District Clerk
Catherine Gant
301 N Main Street

Conroe     TX     77301

9214 8901 4633 9311 4073 17

Nationwide General Insurance Company
Corportion Service Company
211 East 7th Street
Suite 620
Austin          TX   78701-3218



U.S. POSTAGE >> PITNEY BOWES

ZIP 77301
02 4W
0000337113 JAN 26 2017
$ 006.41°