**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PAMELA CROUCH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-CV-634** |
| | § | |
| **NATIONWIDE GENERAL INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Abstain and Remand (Doc. No. 6). After considering the Motion, the response thereto, and all applicable law, the Court determines that the Motion should be denied.

### I.    BACKGROUND

This dispute arises out of an insurance claim filed by Plaintiff Pamela Crouch for property damage. *See* Original Pet. (Doc. No. 1-1.) On January 25, 2017, Plaintiff filed suit in state court against Defendant Nationwide General Insurance Company, alleging breach of contract, breach of the duty of good faith and fair dealing, common law fraud, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Original Pet. ¶¶ 27-44. On February 28, 2017, Defendant removed the case to federal court on the basis of diversity jurisdiction. (Doc. No. 1.) Plaintiff now moves to remand the case to state court. (Doc. No. 6.)

### II.    LEGAL STANDARD

Federal district courts have original jurisdiction over civil matters in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). If such a matter is brought in state court, the defendant

1

may remove the case to federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

For a federal court to decline jurisdiction based on the amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The court relies on the amount of damages claimed by the plaintiff, so long as that claim is apparently made in good faith. *Id.* at 288. If the plaintiff does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

## III.    ANALYSIS

The parties do not dispute that complete diversity exists; the only dispute is over the amount in controversy. (Doc. No. 6 at 2.) In this case, there is no need to look beyond the face of the Original Petition, since it establishes an amount in controversy over $75,000.

The Original Petition alleges $26,825.92[1] in actual damage to Plaintiff's property. Original Pet. ¶ 15. However, the Original Petition also contains a request for treble damages under Texas Insurance Code § 541.152(b).[2] *Id.* ¶ 52. Treble damages on $26,825.92 results in an amount in controversy over $80,000, even before other damages are calculated.

If, as Plaintiff urges, her $2,651[3] deductible is subtracted from the $26,825.92 claimed in

---

[1] Plaintiff's Motion for Remand inaccurately states that Plaintiff's estimated actual damage is $26,692.95. (Doc. No. 6 at 4.) The Court relies on the damage estimate in the Original Petition.

[2] This statute allows for treble damages if the defendant knowingly committed the act complained of.

[3] Plaintiff's Motion for Remand inaccurately states that Plaintiff's deductible is $2,561. (Doc. No. 6 at 4.) The Court relies on the $2,651 figure based on documentation provided by Defendant. *See* Doc. No. 9-2.

the Original Petition, then a full recovery including treble damages would only amount to $72,524.76. However, even in this scenario, the total amount in controversy exceeds $75,000. In addition to actual damages, Plaintiff seeks the 18 percent statutory penalty provided under Texas Insurance Code § 542.060(a).[4] *Id.* ¶ 53. The parties disagree about the dollar amount of the statutory penalty. (Doc. No. 6 at 5; Doc. No. 9 at 7.) Even Plaintiff's lower figure of $2,843.35, however, pushes the amount in controversy over $75,000. In addition, Plaintiff seeks attorney's fees and "all punitive, additional, and exemplary damages," ensuring an amount in controversy comfortably over the jurisdictional threshold. Original Pet. at 13.

In short, based on the Original Petition, there is no way to arrive at an amount in controversy under $75,000. As such, the Court may not decline jurisdiction based on the amount in controversy.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion to Abstain and Remand (Doc. No. 6) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[4] Although calculation of the amount in controversy generally excludes interest, courts have found that the penalty imposed under § 542.060(a) should be counted. *See Watson v. Provident Life & Accident Ins. Co.*, 3:08-CV-2065-G(BD), 2009 WL 1437823, at *4-5 (N.D. Tex. May 22, 2009) (noting that the predecessor statute to § 542.060(a) referred to the penalty as "damages," and that the addition of the word "interest" was not meant to make a substantive change to the statute). Because the parties do not dispute that the § 542.060(a) penalty should be counted, and given this precedent, the Court will count the § 542.060(a) in calculating the amount in controversy.